IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ELVIS LOUIS MARSH, | ) |
| Petitioner, | ) ) ) |
| v. | ) NO. 1:22-CV-00015 ) JUDGE CAMPBELL ) MAGISTRATE JUDGE HOLMES |
| KEVIN GENOVESE, | ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Elvis Louis Marsh, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence for the sale of less than 0.5 grams of methamphetamine, conspiracy to sell or deliver less than 0.5 grams of methamphetamine, possession of 0.5 grams or more of methamphetamine with the intent to sell or deliver, and possession of drug paraphernalia. (Doc. No. 1).

**I. INTRODUCTION**

In 2017, Marsh was convicted by a Marshall County jury of the sale of less than 0.5 grams of methamphetamine; conspiracy to sell or deliver less than 0.5 grams of methamphetamine; possession of 0.5 grams or more of methamphetamine with the intent to sell or deliver; and possession of drug paraphernalia. He received an effective sentence of thirty years to be served in the Tennessee Department of Correction. (Doc. No. 1 at 1).

Petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed on February 1, 2019. (*Id*. at 3). The Supreme Court of Tennessee denied Petitioner's application for discretionary

1

review on May 20, 2019. (*Id*. at 4). Petitioner did not seek a petition for writ of certiorari from the United States Supreme Court. (*Id*.)

Petitioner filed a petition for post-conviction relief on June 26, 2019. (*Id*. at 5). The post-conviction trial court held an evidentiary hearing on the petition and denied relief. (*Id*.) The Tennessee Court of Criminal Appeals affirmed on November 16, 2020. (*Id*. at 6). The Supreme Court of Tennessee denied Petitioner's application for discretionary review on March 17, 2021. (*Id*. at 7).

On May 13, 2022,[1] Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. No. 1 at 17).

**II. STANDARD FOR PRELIMINARY REVIEW OF SECTION 2254 CASES**

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine Section 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to habeas corpus relief, then the "the judge must dismiss the petition . . . ." *Id.*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq*.), prisoners have one year within which to file a petition for habeas corpus relief which runs from the latest of four (4) circumstances, one of which appears to be relevant here—"the date on which the [state court] judgment became

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that Petitioner filed his petition on May 13, 2022, the date he signed the petition (Doc. No. 1 at 17), even though the Clerk of Court received and docketed the petition on May 20, 2022.

2

final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

### III. RULE 4 PRELIMINARY REVIEW

The Court previously reviewed Mr. Marsh's petition under Rule 4, Rules – Section 2254 Cases and, by Memorandum Opinion and Order entered on June 3, 2022, notified Mr. Marsh that his petition appears to be untimely. (Doc. No. 5). Because Petitioner is proceeding pro se, the Court gave him 30 days to show cause why his petition should not be dismissed for untimeliness. (*Id*.) Petitioner responded to the Court's Show Cause Order, arguing that he is "actually innocent" of filing an untimely habeas petition. (Doc. No. 6 at 2).

The record before the Court shows that the date on which Petitioner's judgment became final by conclusion of direct review was May 20, 2019. On May 21, 2019,[2] the ninety (90) day period within which Petitioner could have filed a writ of certiorari with the United States Supreme

---

[2] Where, as here, the time period is stated in days or a longer unit of time, the Court excludes the day of the event that triggers the period. *See* Fed. R. Civ. P. 6(1)(1)(A). Thus, May 20, 2019—the date of finality—is not counted for the AEDPA computation.

Court began. During that ninety (90) day period, the AEDPA's one-year limitations period was tolled. *See Clay v. United States*, 537 U.S. 522, 532 (2003). The ninety (90) day period ended on August 19, 2019.[3] The AEDPA one-year limitations period began running the next day, on August 20, 2019. Therefore, Petitioner had one year from August 20, 2019 to timely file his federal habeas petition.

On June 26, 2019, Petitioner statutorily tolled the limitations period by properly filing a pro se state petition for post-conviction relief. The AEDPA's one-year limitations had not yet begun to run, however.

On March 17, 2021, Petitioner completed the state post-conviction process when the Tennessee Supreme Court denied his application for discretionary review. Therefore, the limitations period resumed the next day, March 18, 2021.[4] *See* Fed. R. Civ. P. 6(a)(1)(A). Since 0 days of the one-year limitations period had run, Petitioner had 365 days, or until March 17, 2022, to timely file his federal habeas petition.

Petitioner filed his federal habeas petition on May 13, 2022, fifty-eight (58) days after the AEDPA's one-year limitations period had expired. In other words, the petition is untimely by approximately two months.

In his response to the Court's Show Cause Order, Petitioner contends that he is "actually innocent of filing an untimely writ of habeas corpus." (Doc. No. 6 at 2). He argues that, because he filed his state post-conviction petition before the 90-day period for seeking a writ of certiorari

---

[3] Because the end of the one-year period fell on a weekend (Sunday, August 18, 2019), Petitioner's deadline for filing was Monday, August 19, 2019. *See* Fed. R. Civ. P. 6(a)(1) (directing that, when the period is stated in days or a longer unit of time, the Court includes the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday).

[4] The one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment is not tolled during the pendency of petition for certiorari to the United States Supreme Court seeking review of denial of state postconviction relief. *See Lawrence v. Fla.*, 549 U.S. 327, 337 (2007). In any event, it does not appear that Petitioner sought review by the United States Supreme Court.

from the United States Supreme Court had expired, Petitioner "preserved those two months that Petitioner did not use regarding the 90 day grace period for writ of certiorari." (*Id*. at 3). Petitioner's argument, however, fails. Without the 90-day tolling period, Petitioner's AEDPA one-year statute of limitations period would have commenced on May 21, 2019, and Petitioner would have tolled the one-year period by filing his state post-conviction petition on June 26, 2019; at that time, 37 days of Petitioner's one-year period would have run. However, because the AEDPA one-year statute of limitations period had not yet commenced at the time Petitioner filed his state post-conviction petition, Petitioner's year began running at the conclusion of his post-conviction proceedings, on March 18, 2021. Petitioner therefore had a full year (365 days)—rather than 328 days—from that date to file his federal habeas petition. He filed 58 days after the deadline. Without the 90-day tolling period, Petitioner would have filed 95 days after the deadline.

Still, the "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." *Ata v. Scutt*, 622 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is applied "sparingly." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Petitioner does not contend that he is entitled to equitable tolling.

## IV. CONCLUSION

After conducting a preliminary review of Petitioner's Section 2254 petition under Rule 4, Rules – Section 2254 Cases, the Court finds that the instant petition was untimely filed, and

5

Case 1:22-cv-00015 Document 7 Filed 07/13/22 Page 5 of 6 PageID #: 39

Petitioner has not demonstrated that he is entitled to equitable tolling. Accordingly, the petition is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**. Because reasonable jurists could not disagree with the resolution of Petitioner's claims, the Court denies a Certificate of Appealability.

This Order constitutes final judgment in this action.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE